UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHELTER MUTUAL INSURANCE COMPANY,

   Plaintiff,

  v.

            Case No. 3:24-cv-00063-JPG

JEFF UNTERBRINK, JOSHUA HILL, &
SAMANTHA HILL,

   Defendants.

**MEMORANDUM AND ORDER**

  This matter comes before the Court on an unopposed motion for summary judgment.
(Doc. 45). The Plaintiff filed their motion on September 13, 2024. Being duly advised in the
premises having fully considered the issues and arguments raised, the Court **GRANTS**
the motion for summary judgment and **FINDS AS MOOT** all other pending motions.

## I. INTRODUCTION

  On January 8, 2024, the Plaintiff filed a complaint for declaratory judgment against the
Defendants. (Doc. 1). On March 6, 2024, Defendants Joshua Hill & Samantha Hill, waived
service, (Docs. 17, 18, 20), and legal counsel appeared on their behalf. (Docs. 23, 24).
Approximately five weeks later, on April 16, 2024, counsel for Defendant Jeff Unterbrink
appeared and moved to file an answer out of time, (Docs. 31, 32), which the Court granted.
(Doc. 33). On May 6, 2024, the Court approved a joint report of the parties that set October 24,
2024, as the dispositive motion deadline. (Doc. 41). On May 30, 2024, the Plaintiff filed the
present motion moving for summary judgment. (Doc. 43). Under local rules, the Defendants
were given thirty days—until June 29, 2024—to respond to the motion. That deadline passed
with no response from the defendants. The dispositive motion deadline also passed with still no

action or filings from the defendants or their legal counsel. Approximately ninety days have passed since the dispositive motion deadline expired with still no response nor action.

As the motion for summary judgment was unopposed, while the Court still examines the motion in the light most favorable to the nonmoving party, the Court assumes all reasonable factual allegations in the moving party's motion as true.

## II.    **BACKGROUND**

On July 21, 2023, Defendants Joshua & Samantha Hill filed a complaint in state court within Madison County alleging breach of contract, fraudulent misrepresentation, negligent misrepresentation, and violations of the Illinois Residential Real Property Disclosure Act. 765 Ill. Comp. Stat. 77. (Doc. 45).

The Hills allege that on June 22, 2022, they entered into a Residential Sales Contract with Defendant Unterbrink for the purchase of a private residence located at 131 Lenora Street, Cottage Hills, Illinois. (Doc. 45). Defendant Unterbrink signed a disclosure report that indicated that he was unaware of any material defects with the property—including the "roof, ceilings, chimney, walls, windows, doors, or floors." (*Id*.). However, a visual inspection of the property revealed "moisture and organic growth in the floors, walls, ceilings, and closet, requiring further evaluation and repair of the moisture source, mitigation of the organic growth, and repair of the ceiling." (*Id*.). Accordingly, on July 7, 2022—within the twenty-day period in which the Hills were to request remediation of defects—they "requested in writing that Unterbrink clean up the organic growth identified in the inspection report and to have the source of the moisture located and repaired." (*Id*.). Unterbrink agreed to the request. Yet, upon closing the contract, the Hills discovered "severe and substantial moisture, causing . . . microbial growth." (*Id*.). The Hills's

lawsuit seeks recovery for the defects and Unterbrink's purported knowing concealment of those defects.

Unterbrink possessed a homeowner's insurance policy issued by the Plaintiff effective June 10, 2022, through June 10, 2023. That policy provided coverage for "accidents," but explicitly excluded coverage for, *inter alia*, damages that "the insured intended to cause." (*Id.*). The Plaintiff argues that their policy is inapplicable because the property damage was not caused by an accident, but rather caused by either mold growth or Unterbrink's attempt to conceal the mold. Additionally, the Plaintiff argues that Unterbrink negated any coverage that would otherwise exist either through his allegedly deceitful conduct, or alternatively, because the claims here arise out of a contract that Unterbrink entered of his own volition with the Hills—either claim would independently negate coverage under the Plaintiff's policy's exclusions.

The Plaintiff argues that the Hills's allegation that Unterbrink violated the Illinois Residential Real Property Disclosure Act was an:

> [O]bvious attempt by the Hills to trigger insurance coverage [because their] underlying lawsuit [was] ongoing for over a year, and only ***after*** the Hills appeared and answered [the Plaintiff's] declaratory judgment complaint in this action, did they decide to amend their complaint . . . to add a negligence count . . . . [and] Illinois courts have repeatedly rejected a plaintiff's "transparent attempt to trigger insurance coverage" such as this.

(*Id.*). (quoting *Farmers Auto. Ins. Ass'n v. Danner*, 2012 IL App (4th) 110461, ¶ 40, 967 N.E.2d 836, 845 (Ill. App. Ct. 2012).

### III.    <u>LEGAL STANDARD</u>

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The Court must construe the evidence in the

light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

Nevertheless, the "favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017) (internal quotations and citations omitted). *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) ("[A]lthough personal knowledge may include reasonable inferences, those inferences must be 'grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.'") (quoting *Visser v. Packer Eng'g Assocs.*, 924 F.2d 655, 659 (7th Cir. 1991) (en banc))).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Liberty Lobby*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Liberty Lobby*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Liberty Lobby,* 477 U.S. at 252. *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757 (7th Cir. 2021) ("[N]o matter how tempting it might be on summary judgment to be distracted by the sparkle of seemingly compelling facts, [the Court's] assigned task is to take the facts in the light most favorable to the non-moving party.").

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the nonmoving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways: it may present evidence that affirmatively negates an essential element of the nonmoving party's case, *see* FED. R. CIV. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the nonmoving party's case without actually submitting any evidence, *see* FED. R. CIV. P. 56(c)(1)(B). *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169.

Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992). When the nonmoving party fails to respond to a summary judgment motion, a court cannot simply grant summary judgment to the moving party as a sanction. *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993). Rather, a court accepts all reasonable facts from the moving party as undisputed and determines whether the moving party is entitled to summary judgment as a matter of law. *Id.*

## IV.    <u>ANALYSIS</u>

Given neither the Hills nor Unterbrink have filed responses to the Plaintiff's motion for summary judgment, while still interpreting the facts in favor of the nonmoving parties, the Court accepts all the reasonable factual allegations made in the motion as true.

The Court finds it reasonable, and therefore accepts, the factual allegations here: that Unterbrink attempted to conceal the property's defects from the Hills, which negates any coverage he may otherwise have.

Additionally, the Court also finds it reasonable, and therefore accepts, that the Hills added the negligence count in their complaint with the express purpose of triggering insurance coverage—meaning that count does not trigger the Plaintiff's insurance coverage for Defendant Unterbrink and, consequently, the Plaintiff is not obliged to defend or indemnify him under the policy.

### V.    <u>CONCLUSION</u>

Finding that there are no genuine disputes of material fact and that the Plaintiff is entitled to summary judgment as a matter of law, the Court hereby **GRANTS** the Plaintiff's motion for summary judgment and **FINDS AS MOOT** all other pending motions. The Plaintiff has no duty to defend or indemnify Unterbrink in the underlying lawsuit and, therefore, the Court **DIRECTS** the Clerk of Court to enter judgment in favor of the Plaintiff and against the Defendants accordingly.

**IT IS SO ORDERED.**
**DATED:  January 29, 2025**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**